IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR-05-62-D |
| | ) | |
| KEITH ALAN KREHBIEL, | ) | NO. CIV-06-1109-D |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Petitioner has filed a Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 7],

pursuant to 28 U. S. C. § 2255.  The Government has filed a Motion for Summary Dismissal  [Doc.

No. 38][1] in which it asks the Court to dismiss the Motion because, in a plea agreement executed by

Petitioner, he waived his right to seek collateral review of his sentence.  Petitioner has responded

to the Motion, and the matter is now at issue.

I. Background:

Petitioner was charged by Information with transportation of child pornography in interstate

and foreign commerce by use of a computer, in violation of 18 U. S. C. § 2252A(a)(1).  The

Information resulted from an investigation by the Federal Bureau of Investigation ("FBI") which,

---

[1]*The Government's motion is docketed in the criminal case, No. CR-06-02, rather than in the civil case which was opened when Petitioner's § 2255 Motion was filed.  According to the procedure followed in this Court, a civil case is opened when a convicted defendant files a  §2255 motion challenging his sentence; in this case, Petitioner's motion resulted in the opening of Case No. CIV-06-1109.  However, the Government's Motion was filed  in the criminal case, No. CR-06-62, and was not docketed under the civil case number. Notwithstanding that filing mistake, Petitioner received notice of the Government's motion,  and he  timely filed a response.*

according to the Presentence Investigation Report filed in this case, established that Petitioner had maintained an Internet website containing numerous items of child pornography. *See* Presentence Investigation Report ¶ 4, submitted under seal as Exhibit 1 to the Government's Motion. The website included, *inter alia*, photographs of young girls in various sexually provocative poses and in various stages of undress; most of the girls depicted were under the age of 12. *Id.* The Presentence Investigation Report also stated that Petitioner admitted to FBI agents that he viewed child pornography on the Internet almost daily, that he preferred to view pornographic images of teenage girls, and that it did not matter to him if the girls were post-pubescent or prepubescent. Presentence Investigation Report, p. 5, ¶ 8. He also admitted that he joined various child pornography-sharing Internet groups and posted child pornography images to such groups on the Internet. *Id.* ¶¶ 10, 11.

After Petitioner was charged in the Information, he entered into a negotiated plea agreement in which, *inter alia*, he waived the right to file a direct appeal or a collateral challenge to the conviction and sentence. Plea Agreement, Government Exhibit 2, ¶¶ 8 (a) and 8 (b). Petitioner also filed a Petition to Enter a Plea of Guilty, a copy of which is submitted as Government Exhibit 3. Petitioner asked the Court to scheduled a combined hearing on his Petition to Enter a Plea of Guilty and his sentencing, and the Court granted that request. A transcript of the hearing is submitted as Government Exhibit 4.

The Presentence Investigation Report sets out the calculation of the base offense level, the adjustments, and the total adjusted offense level applicable to Petitioner. Government Exhibit 1 at p. 8. The base offense level of 22 was determined by applying the United States Sentencing Commission Guidelines ("USSG"), and was derived from USSG § 2G2.2, which calls for a base

2

offense level of 22 for a violation of 18 U. S. C. § 2252A(a)(1).  Presentence Investigation Report

¶ 21.    The base level was increased by additional USSG provisions for Special Offense

Characteristics, as follows:

> a) Two levels were added pursuant to USSG § 2G2.2  because the material
> involved a prepubescent minor or a minor who had not attained the
> age of 12;
> b) Two levels were added pursuant to USSG § 2G2.2(b)(3)(F);
> c) Two levels were added pursuant to USSG § 2G2.2(b)(7) because the
> offense involved the use of a computer or an interactive computer service;
> d) Five levels were added pursuant to 2G2.2(b)(7)(D) because the offense
> involved 600 or more images.

*Id.* ¶¶ 22-25.  The resulting adjusted level of 33 was then reduced by three levels because of

Petitioner's acceptance of responsibility; as a result, the total offense level was 30.    Presentence

Investigation Report, ¶33.    The criminal history category established for Petitioner was I.

Presentence Investigation Report, ¶ 36.

The Presentence Investigation Report reflects that the applicable statute  provided a

minimum term of imprisonment of five years and a maximum term of 20 years, in accordance with

18 U. S. C. § 2252A(b)(1).  Presentence Investigation Report at ¶ 64.  The sentencing guidelines

provided a guidelines range of imprisonment  from 97 to 121 months.  *Id.*, ¶ 65.  The Court treated

the  sentencing guidelines as advisory; applying the  guidelines, the Court sentenced  Petitioner to

a 97-month term of imprisonment.  Transcript, pp. 17-18, Government Exhibit 4.

In his § 2255 Motion, Petitioner contends that the sentence should be reduced because two

of the Special Offense Characteristics should not have been applied.  First, he contends it was error

to increase the total offense level  based on the involvement of a minor who had not attained the age

of 12; the result of that application was an increase of two levels.  Second, he argues that it was error

to increase the total offense level based on the Special Offense Characteristic applicable to an

3

offense involving 600 or more Internet images.  That application resulted in an addition of five levels.    According to Petitioner, applying  these Special Offense Characteristics violated his constitutional right to due process, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the factual basis underlying those characteristics was not proved beyond a reasonable doubt. Petitioner also contends that, because his counsel failed to challenge the application of the Special Offense Characteristics during sentencing, Petitioner was deprived of his constitutional right to effective assistance of counsel.

## II.  Motion for Summary Dismissal:

The Government seeks dismissal of the § 2255 Motion because the Plea Agreement contains an express provision waiving the right to appeal or collaterally challenge the sentence imposed by the Court.  According to the Government, the record establishes that Petitioner knowingly and voluntarily executed the Plea Agreement containing an express waiver of those rights and that the waiver bars  Petitioner  from seeking § 2255 relief on the grounds asserted.

The record in this case reflects that, during the sentencing, the Court reminded Petitioner that, pursuant to the Plea Agreement, he waived the right to appeal or collaterally challenge the sentence imposed by the Court except under limited circumstances.  Transcript, p. 22, lines 13-25, Government Exhibit 4.  The Plea Agreement executed by the Petitioner and the Government provides that Petitioner "knowingly and voluntarily" waives certain rights,  including the right to:

> b.  Appeal, collaterally challenge, or move to modify under 18 U. S. C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case.   Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth

4

in paragraph 7[2].

Plea Agreement, ¶ 8 (b), Government Exhibit 2.  The Plea Agreement also states that certain specific rights are not waived:

> c.  It is provided that (i) defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

*Id.*, ¶ 8(c).   In this case, Petitioner's § 2255 motion does not purport to involve a change in the law decided after the date of the Plea Agreement.  As a result, the  Government argues that Petitioner's motion is a collateral challenge to his sentence which is expressly barred by the waiver provision of the Plea Agreement.

Waiver provisions contained in plea agreements are, as a general rule, enforceable.  According to the Circuit, "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."   *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).   To decide if  an issue was waived, a court should conduct a " three-pronged analysis" and determine "'(1) whether the disputed appeal falls within the scope of the waiver of appellate [or collateral attack] rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'"

---

[2]*Paragraph 7 of the Plea Agreement provides, inter alia, that the parties agree the Defendant should receive a 2-level downward adjustment for acceptance of responsibility and that the Government agrees to move for the additional 1-level downward adjustment if the Defendant accepts the terms of the plea agreement by a stated deadline. The record reflects that these downward departures were accepted by the Court and applied to reduce the applicable offense level.  See Presentence Investigation Report at p. 8.*

*United States v. Kutilek*, 2008 WL 109343, at *2 (10th Cir. Jan. 11, 2008)[3], *quoting United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir.2004) *(en banc) (per curiam).*

Applying this analysis to the instant case[4], Petitioner's § 2255 motion falls within the scope of the waiver of rights in the Plea Agreement because, as set forth above, that agreement expressly provides that he waives the right to collaterally attack his sentence. Therefore, the first factor is satisfied.

With respect to the second factor to be considered, Petitioner bears the burden of demonstrating that his waiver was not knowing and voluntary. *See United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). However, Petitioner does not challenge the waiver on this basis. In his response to the Government's Motion, he does not contend that he lacked knowledge or understanding of the Plea Agreement or the waiver provisions. Furthermore, the record in this case reflects no evidence that could support such a contention. In the Petition to Enter a Plea of Guilty, Petitioner expressly stated that he understood the rights he was waiving. Petition to Enter Plea, Government Exhibit 3 ¶¶12-16. He also stated that he understood the potential sentencing consequences of his decision to enter a guilty plea. *Id.* ¶¶17-24. He expressly stated that he also understood the impact of the Sentencing Guidelines and the Court's consideration of the same in determining his punishment. Petition to Enter Plea, Government Exhibit 3 ¶¶25-38. Petitioner expressly represented to the Court that his decision to plead guilty was voluntary. *Id.* ¶¶ 39-44. Furthermore, during the hearing on his change of plea and sentencing, Petitioner again represented to the Court that he understood the rights he was waiving by entering a plea of guilty, and he stated

---

[3]*This unpublished opinion is cited pursuant to Fed. R. App. 32. 1 and 10th Cir. R. 32.1(A).*

[4]*Although Petitioner does not seek to invalidate the waiver on this basis, the Court will conduct the analysis required by the Tenth Circuit.*

that his decision to waive his rights was voluntary.  Transcript, Government Exhibit 4, pp. 2-6.  The record in this case thus reflects that Petitioner knowingly and voluntarily executed the Plea Agreement and the Petition to Enter a Plea of Guilty; there is no evidence to the contrary.

The third factor to consider with regard to the waiver is whether its enforcement would constitute a miscarriage of justice.   The miscarriage of justice prong requires Petitioner to show : 1) his sentence was based on an impermissible factor such as race ; 2) the waiver is invalid because counsel offered ineffective assistance in  negotiating  the terms of the waiver;  3) his sentence exceeded the statutory maximum; or 4)  the waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir.2004). *See also United States v. Gibbs*, 2008 WL 410680 (10th Cir. Feb. 15, 2008).

Petitioner offers no argument to invalidate the waiver on any of these bases.   He does not argue that the Court considered impermissible factors in determining the sentence or that the sentence exceeded the statutory maximum.   Although he contends that his counsel was ineffective, he does not argue that the alleged ineffectiveness rendered his waiver invalid.  Instead, he  argues only that counsel was ineffective "at sentencing"   because he failed to challenge the application of the two Specific Offense Characteristics on which his § 2255 Motion is based.  Response to Motion at page 4.  That contention is insufficient to avoid the waiver provision of the Plea Agreement. "[I]neffective assistance of counsel in connection with the negotiation of the waiver" can render the waiver invalid.  *Gibbs,* 2008 WL 410680, at *7.  In contrast, alleged  ineffectiveness "in connection with the *sentencing*" cannot invalidate the waiver.  *Id. (emphasis added).*   Thus, the Court may enforce " a waiver of § 2255 rights expressly contained in a plea agreement when the collateral

attack does *not* challenge counsel's representation in negotiating or entering the plea or the waiver." *Cockerham*, 237 F.3d at 1187 (emphasis added).  Although a plea agreement waiver of does not preclude a subsequent § 2255 challenge  based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver, "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Id.*  Because Petitioner does not contend that the waiver was rendered invalid because of his counsel's ineffective assistance, his argument is insufficient to avoid enforcement of the waiver on that basis.

With respect to the fourth factor – whether enforcement of the waiver would seriously affect the fairness, integrity or public reputation of judicial proceedings – Petitioner also offers no argument warranting that conclusion.      Petitioner contends  that the sentence imposed was "above the advisory guideline range."  Response Brief at page 3.  The record reflects, however, that his sentence was not above the guideline range.     Petitioner was sentenced to a term of imprisonment for 97 months.   Transcript, Government Exhibit 4 at p. 17, lines 24-25; p. 18, line 1. The 97-month sentence is reflected in the Judgment filed in this case on September 21, 2005 [Doc. No. 23].     Contrary to Petitioner's current argument, that sentence was within the advisory guideline range; in fact, it was the lowest term provided by the advisory guidelines range of 97 to 121 months.  *See*  Presentence Investigation Report at ¶ 65.   Therefore, Petitioner's 97-month sentence did not  exceed  the advisory guideline range.

The remainder of Petitioner's brief in opposition to the Motion for Summary Dismissal consists of a repetition of  the arguments and authorities set forth in the brief in support of his § 2255 motion.  He does not offer any argument suggesting that enforcement of the waiver would seriously affect the fairness or integrity of the proceedings.  The record contains no evidence to support  such

finding.

Having fully considered  the Government's Motion and Petitioner's response and having reviewed the record in this case, the Court finds that application of  all three prongs of the test set forth in *Hahn* compels the conclusion that the waiver contained in the Plea Agreement is valid and enforceable.   Accordingly, the Government's Motion for Summary Dismissal [Doc. No. 38] is GRANTED.   Petitioner's Motion to Vacate, Set Aside or Correct His Sentence [Doc. No. 1] is DISMISSED.

IT IS SO ORDERED this  7th  day of March, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE